## CIRCUIT COURT OF STAFFORD COUNTY

Government Employees Insurance Co.

v.

Lawrence J. Dupre, Sr., and Doris Dupre,
Administrators of the Estate of
Lawrence J. Dupre, Jr., et al.

December 20, 1985

By JUDGE JOHN A. JAMISON

Government Employees Insurance Company (GEICO) filed a Motion for Declaratory Judgment in the above styled matter, and a hearing was held on November 22, 1985.

I have carefully studied the transcript of your opening statements and arguments as well as the memoranda and my bench notes. The moving party in this case has asked the court "to determine the rights, privileges, duties and obligations" of GEICO under a contract of insurance issued to James B. Durnil, the owner of the vehicle in question, insured by GEICO.

On August 22, 1984, Mr. Durnil left his car for repairs at Automotive Classics located at that time in Arlington, Virginia. The owners of that firm, David O'Connell and Ross Montgomery, moved their repair shop and Mr. Durnil's car to Stafford County and as of October 15, 1984, Mr. Durnil's car had not been repaired. On the evening of that same date, at approximately 8:00 P.M., O'Connell and Montgomery allowed Lawrence J. Dupre to drive the Durnil vehicle, "to try out the car." At 8:10 P.M., some ten minutes later, Dupre, the driver of Durnil's car, and O'Connell and Montgomery, passengers in Durnil's car, were involved in a head-on collision with Ronald E. Holland.

The main issue to be decided here is whether Mr. Dupre had the express or implied permission of Mr. Durnil to

operate his automobile. According to Code Section 38.1-381:

> No policy. . . shall be issued. . . to the owner of such vehicle. . . unless it contains a provision insuring the named insured and any other person responsible for the use of or using the motor vehicle. . . with the consent, expressed or implied, of the named insured.

Mr. Hayes, counsel for Ronald Holland, cites in his trial brief the case of *Virginia Farm Bureau* v. *Apco*, 228 Va. 72 (1985), in which the Supreme Court has said:

> One with whom the named insured has left a vehicle for general use may permit its use by another, who will be deemed to have the permission of the named insured.

The question then becomes one of construction of the term "general use." The scope of the permission is a question of fact and must be decided after a review of all of the circumstances.

It is clear that Mr. Durnil took his car to Automotive Classics for repairs by an employee of that firm. Mr. Dupre was merely a friend with some experience in the repair of cars, not an employee or agent of Automotive Classics. Durnil's permission extended only to Automotive Classics.

In view of the above finding, that Mr. Dupre lacked either express or implied authority within the meaning of the Statute, it follows that Mr. Durnil's carrier, GEICO, is not primarily responsible for coverage in these circumstances, and the court will so hold.